Charlotte **MATTHEWS, on Behalf of her child, Jessie MATTHEWS, Plaintiff,**

v.

Irene **IBARRA, Director of the Colorado Department of Social Services, in her official capacity, Phyllis Payne, Lock-in Coordinator in her official capacity, and the Colorado Department of Social Services, Defendants.**

No. 88–B–180.

United States District Court, D. Colorado.

Jan. 11, 1989.

Linda Sue Anderson, Legal Aid Soc. of Metropolitan Denver, Inc., Denver, Colo., for plaintiff.

Anthony S. Trumbly, Asst. Atty. Gen., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court on plaintiff Charlotte Matthews' motion for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff seeks an order declaring the Recipient Lock-in Program of the Colorado Department of Social Services (the Department) unlawful and enjoining it from restricting her son, Jesse Matthews', Medicaid access because of her participation in the Lock-in Program. She claims that the Department's Recipient Lock-in Program, which restricts Medicaid access to all family members whenever one member is found to have over-utilized Medicaid services, violates 42 U.S.C. § 1396n(a)(2) and 42 C.F.R. § 431.54(e) (1987). I agree and, therefore, grant plaintiff's motion for summary judgment.

There is no genuine issue as to the following material facts:

The Recipient Lock-in Program was implemented by the Omnibus Reconciliation Act of 1981, Pub.L. 97–35, which requires recipients who over-utilize Medicaid services to use a designated health care provider. In 1983, the corresponding Federal regulation, 42 C.F.R. § 431.54(e), was implemented.

Here, the Department of Health and Human Services (HHS) advised defendants four times that the Department's Lock-in Program was not in compliance with 42 C.F.R. § 431.54(e). Yet, defendants failed to restructure the Recipient Lock-in Program to comply with the federal guidelines.

From 1981 until May 1987, plaintiff was receiving public assistance under Aid to Families with Dependent Children. In May 1987, plaintiff's disabilities qualified her for social security insurance under the Social Security Act.

Plaintiff received prescription drugs from various physicians to treat her physical disabilities. Her frequent use of Medicaid services was "medically necessary." 42 U.S.C. § 1396n(a)(2)(A), Title XIX of the Social Security Act § 1915(a)(2)(A). Nevertheless, in October 1985, plaintiff was placed in the Recipient Lock-in Program. Although plaintiff's children did not exceed the state's utilization guidelines, they too were placed in the Lock-in Program.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Summary judgment is appropriate when the court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Matsushita, supra.* The non-moving party *must* present evidence sufficient and persuasive enough for a reasonable juror to rule in his or her favor. *Id.* Further, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex, supra.*

Here, plaintiff filed her motion for summary judgment on November 3, 1988. Defendants' response was due November 25, 1988 pursuant to this Court's November 4, 1988 order. To date, defendants' have not filed an opposing motion or brief, and by not responding they have failed to sustain their burden. *Celotex, supra.* However,

because this is a case of first impression in the Tenth Circuit, and, in any event, the material facts appear undisputed, I address the applicable substantive law.

42 C.F.R. § 431.54(e) states that:

> If a Medicaid agency finds that *a recipient* has utilized Medicaid services at a frequency or amount that is not medically necessary, ... the agency may restrict *that recipient* for a reasonable period of time to obtain Medicaid services or items from designated providers only. (emphasis added).

"When the terms of the statute are clear and unambiguous, that language is controlling absent rare and exceptional circumstances." *Howe v. Smith*, 452 U.S. 473, 483, 101 S.Ct. 2468, 2475, 69 L.Ed.2d 171 (1981); *Wilson v. Stocker*, 819 F.2d 943, 948 (10th Cir.1987); *See also United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246, 252 (1981).

In *Tripp v. Coler*, 640 F.Supp. 848 (N.D. Ill.1986), a case factually similar to this one, the court held that the Illinois Department of Public Aid's policy of locking-in *all* family members when only *one* had been determined a Medicaid overuser violated 42 U.S.C. § 1396n(a)(2)(A) and 42 C.F.R. § 431.54(e). That statute provided:

> "(A) for a reasonable period of time the provider or providers from which an *individual* (eligible for medical assistance for items or services under the State plan) can receive such items or services, if the State has found, after notice and opportunity for a hearing (in accordance with procedures established by the State), that the *individual* has utilized such items or services at a frequency or amount not medically necessary (as determined in accordance with utilization guidelines established by the State) ..." (emphasis added)

The court held that this language was "unambiguous" in its application to an individual rather than an assistant unit. *Tripp v. Coler, supra.* at 853.

I agree that the statute unambiguously referred to a person, not an assistance unit or family. Moreover, even if the language were ambiguous, the legislative history supports the interpretation that the Lock-in Program must be applied to an individual, not an assistance unit. *Id.*

After the *Tripp* decision, 42 U.S.C. § 1396n(a)(2) was amended in 1987 to provide that:

> "A State shall not be deemed to be out of compliance with the requirements of paragraphs (1), (10), or (23) of section 1396a)a) of this title solely by reason of the fact that the State (or any political subdivision thereof)—
>
> .     .     .     .     .
>
> (2) Restricts for a reasonable period of time the provider or providers from which an *individual* (eligible for medical assistance for items or services under the State plan) can receive such items or services, if—
>
> (A) the State has found, after notice and opportunity for a hearing (in accordance with procedures established by the State), that the *individual* utilized such items or services a frequency or amount not medically necessary (as determined in accordance with utilization guidelines established by the State), and
>
> (B) under such restriction, *individuals* eligible for medical assistance for such services have reasonable access (taking into account geographic location and reasonable travel time) to such services of adequate quality." (emphasis added)

This statute continues to refer unambiguously to individuals not assistance units, who have over-utilized Medicaid services.

Accordingly, there being no genuine issue of material fact and plaintiff being entitled to judgment as a matter of law, it is ORDERED that plaintiff's motion for summary judgment is granted. It is further ORDERED that defendants' Recipient Lock-in Program is declared unlawful in its application to assistance units. It is further ORDERED that plaintiff's child, Jesse Matthews, be removed from the Recipient Lock-in Program. It is further ORDERED that plaintiff be awarded her costs in this action.